UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

Katie Elie,

    Plaintiff

v.

Biddeford Police Department, Chief of Police Joanne Fisk in her official capacity, the City of Biddeford, Maine, and Mayor Martin Grohman in his official capacity,

    Defendants

Civil Action No. _____

## COMPLAINT

Plaintiff Katie Elie, by and through her undersigned counsel, respectfully submits this Complaint against the Biddeford Police Department, Chief of Police Joanne Fisk, the City of Biddeford, Maine, and Mayor Martin Grohman for violations of her constitutional rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, relevant provisions of the Constitution of the State of Maine, Maine's Civil Rights Act, 5 M.R.S. § 4682, Maine's Freedom of Access Act, 1 M.R.S. § 400 et seq., and applicable federal and state laws resulting from the unlawful seizure and prolonged detention of her vehicle, passport, and other personal property. In support of her claims, Plaintiff states as follows:

### JURISDICTION

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as the claims arise under the Constitution and laws of the United States, and pursuant to 28 U.S.C. § 1343(a)(3) and (4), for violation of civil rights under 42 U.S.C. § 1983 and related provisions, and 28 U.S.C. § 1333 for admiralty claims.

1

2. This Court also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), as these claims arise from the same case or controversy as the federal claims and form part of the same action under Article III of the Constitution of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all Defendants reside in this judicial district and all events or omissions giving rise to the claims occurred in the District of Maine. Additionally, all Defendants conduct their official business within this district and are subject to this Court's personal jurisdiction.

## PARTIES

5. Plaintiff Katie Elie was at all times and is a resident of Saco, County of York, State of Maine.

6. Defendant Biddeford Police Department ("BPD") is a law enforcement entity operating in Biddeford, Maine.

7. Defendant Chief of Police Joanne Fisk is the Chief of Police of the BPD and was responsible for all relevant actions and omissions alleged here.

8. Defendant City of Biddeford, Maine, is a municipal government entity operating within the State of Maine.

9. Defendant Mayor Martin Grohman is the Mayor of Biddeford, Maine, and as chief executive officer of the City, is responsible for oversight and implementation of municipal policies, practices, and customs, including those of the Biddeford Police Department.

## FACTUAL BACKGROUND

8. On or about April 5, 2025 at 10:00 AM, Plaintiff arrived where she believed her vehicle was located and realized the vehicle was not there.

9. On April 6, 2025, Plaintiff called the BPD and was told that her vehicle was seized on April 4, 2025 and impounded by BPD without providing her notice, without probable cause, without exigent circumstances, without filing any criminal charges, and without obtaining a warrant as required by law.

10. On April 6, 2025, Plaintiff contacted her attorney, Jason G. Litalien, Esq., to assist her in recovering the vehicle.

11. On April 6, 2025, Plaintiff's Attorney called BPD and spoke with a sergeant, who informed counsel the vehicle was impounded.

12. Defendant BPD informed Plaintiff's attorney that the vehicle was sealed for investigation and the officer responsible would not return to work until April 9, 2025, at 6:00 PM.

13. Defendant BPD informed Plaintiff's attorney that Plaintiff's passport and other personal belongings within the vehicle were inaccessible.

14. A female officer, employed by Defendant BPD, knowingly and intentionally contacted Plaintiff directly after BPD had been explicitly informed that Plaintiff was represented by legal counsel, in violation of Maine Rules of Professional Conduct Rule 4.2 and established law enforcement protocols regarding communication with represented parties.

15. The female officer directly informed Plaintiff that she had possession of Plaintiff's passport and other personal items, deliberately contradicting the information previously provided to Plaintiff's counsel by the BPD sergeant, demonstrating a pattern of inconsistent and misleading statements by BPD officials in violation of 5 M.R.S. § 4682 and demonstrating bad faith.

16. Sixteen days following the vehicle's seizure, Plaintiff's counsel contacted the York County District Attorney's Office, which confirmed that no charges, warrant application, or pending investigation relating to the vehicle had been filed or documented in any way.

17. Two days later, Counsel confirmed a second time that no charges had been filed, and no warrant had been applied for.

18. Plaintiff's counsel subsequently sent a demand letter to Chief Joanne Fisk and copied the City Attorney and Mayor Grohman, requiring the release of the vehicle by April 25, 2025.

19. As of this filing twenty-four (24) days after seizure, Defendants have failed to return Plaintiff's property, provide justifications for its continued detention, file charges, obtain a judicial warrant, or comply with Maine's statutory requirements for vehicle impoundment under 29-A M.R.S. § 2069.

## CLAIMS FOR RELIEF

I.  **COUNT I – VIOLATION OF FOURTH AMENDMENT RIGHTS**

(Against All Defendants)

1. Plaintiff incorporates by reference all preceding paragraphs of this Complaint as if fully set forth herein. The actions and omissions of Defendants as described herein were taken under color of state law and constitute state action under 42 U.S.C. § 1983.

2. Defendants' warrantless seizure and prolonged detention of Plaintiff's vehicle and personal property, including her passport and essential personal effects, constitute an unreasonable search and seizure in violation of the Fourth Amendment of the United States Constitution and Article I, Section 5 of the Maine Constitution, particularly given the complete

absence of probable cause, exigent circumstances, or compliance with the community caretaking doctrine as established in Cady v. Dombrowski, 413 U.S. 433 (1973).

## II.    COUNT II – VIOLATION OF FIFTH AMENDMENT DUE PROCESS RIGHTS

(Against All Defendants)

19.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

20.    Defendants deprived Plaintiff of her property without due process of law by failing to obtain judicial oversight, provide pre- or post-seizure notice, follow established impoundment procedures, or provide any justification for the prolonged detention of her property, in violation of both Maine law and constitutional requirements.

## III.   COUNT III – VIOLATION OF FOURTEENTH AMENDMENT RIGHTS

(Against All Defendants)

21.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

22.    Defendants violated Plaintiff's rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution and Article I, Section 6-A of the Maine Constitution by seizing her vehicle and possessions without legal justification, failing to provide pre- or post-deprivation hearings, and deliberately avoiding judicial oversight despite multiple requests for the return of property.

## IV.   COUNT IV – VIOLATION OF PLAINTIFF'S SIXTH AMENDMENT RIGHT TO COUNSEL

(Against Biddeford Police Department and Joanne Fisk)

23.    Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

5

24. After BPD was notified of Plaintiff's legal representation, BPD contacted Plaintiff directly, infringing on her constitutional right to counsel under the Sixth Amendment, violating Maine Bar Rule 4.2, and demonstrating a deliberate disregard for established legal protections regarding represented parties.

## V.   COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against All Defendants)

25. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

26. Defendants' reckless, extreme, and outrageous conduct has caused Plaintiff severe emotional distress, anxiety, and psychological harm that no reasonable person could be expected to endure, including but not limited to: (1) the inability to travel internationally due to the seizure of her passport; (2) daily anxiety and mental anguish about accessing essential personal belongings and medications; (3) loss of sleep and appetite; and (4) constant fear of further unauthorized police action, all of which meet the standard for severe emotional distress under Maine law as established in <u>Champagne v. Mid-Maine Med. Ctr.</u>, 711 A.2d 842 (Me. 1998).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, and grant the following emergency and permanent relief:

a. Immediate return of Plaintiff's vehicle, passport, and other personal belongings, with (1) a detailed inventory of all items seized and their current condition to be completed within 24 hours of this Court's order; (2) preservation of all video footage, communications, and documents related to the seizure; (3) immediate notification to all relevant agencies that the

passport seizure was unauthorized; and (4) appointment of a neutral third party to oversee and document the return of property;

      b. Declaratory judgment that Defendants' actions were unconstitutional and unlawful;

      c. Compensatory damages, including but not limited to costs incurred in alternate transportation, replacement medications, emotional distress, and other economic and non-economic harms, in an amount to be determined at trial;

      d. Punitive damages due to Defendants' willful, wanton, reckless, and malicious conduct demonstrating evil motive or intent, or reckless or callous indifference to federally protected rights, as established in <u>Smith v. Wade</u>, 461 U.S. 30 (1983);

      e. Attorney's fees and costs pursuant to 42 U.S.C. § 1988 and other applicable statutes;

      f. An injunction prohibiting further violations by Defendants against Plaintiff; and

      g. Any other relief this Court deems just and proper.

Dated: April 29, 2025      Respectfully submitted,    /s/ Jason G Litalien
      Jason G Litalien, Esq
      Maine Bar #6469
      *Attorney for Katie Elie*
      LITALIEN LAW, PLLC
      413 Alfred St
      Biddeford, ME 04005
      207-518-8181
      jason@litalienlaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this 29th day of April 2025, a true and accurate copy of the above Complaint, was served via electronic filing upon the City of Biddeford Police Department by providing electronic service to the City Attorney, Harry B Center, II, Esq at hcenter@woodedlaw.com and via certified mail, return receipt requested, to Chief Joanne Fisk of the Biddeford Police Department at 39 Alfred Street, Biddeford, ME 04005, and mayor Martin Grohman, 205 Main St, Biddeford, ME 04005, pursuant to Federal Rule of Civil Procedure 5(b).

                                                         /s/ Jason G Litalien
                                                         Jason G Litalien, Esq
                                                         Maine Bar #6469

## IMPORTANT NOTICE

**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(a)(1)(A), ANY RESPONSE OR OPPOSITION TO THIS COMPLAINT MUST BE FILED WITHIN TWENTY-ONE (21) DAYS OF SERVICE OF THIS COMPLAINT. THE COURT'S IMMEDIATE INTERVENTION IS NECESSARY TO PREVENT CONTINUING IRREPARABLE HARM TO PLAINTIFF'S CONSTITUTIONAL RIGHTS AND INTERFERENCE WITH ESSENTIAL TRAVEL DOCUMENTS AND MEDICAL NECESSITIES. PLAINTIFF SEEKS EMERGENCY INJUNCTIVE RELIEF UNDER FEDERAL RULE OF CIVIL PROCEDURE 65(b) DUE TO IMMEDIATE AND IRREPARABLE HARM. DUE TO THE URGENT NATURE OF THE ALLEGATIONS AND ONGOING VIOLATIONS OF CONSTITUTIONAL RIGHTS, PETITIONER REQUESTS EXPEDITED CONSIDERATION UNDER LOCAL RULE 7(f) AND THE FEDERAL RULES OF CIVIL PROCEDURE. FAILURE TO TIMELY RESPOND MAY RESULT IN A DEFAULT JUDGMENT BEING ENTERED AGAINST THE DEFENDANTS WITHOUT FURTHER NOTICE OR A HEARING.**