UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

KATIE ELIE,

Plaintiff,

v.

BIDDEFORD POLICE DEPARTMENT, et al.,

Defendants.

No. 2:25-cv-00209-JAW

**ORDER ON MOTION TO DISMISS**

The court grants a city, its police department, and two city employees' motion to dismiss a lawsuit brought against them by a private citizen. The court dismisses without prejudice the citizen's federal civil rights claims for failure to state a claim upon which relief can be granted. Because the court finds the citizen cannot proceed with her federal civil rights claims, the court will not exercise its supplemental jurisdiction over her state constitutional and tort claims and dismisses those claims without prejudice.

## I. BACKGROUND

Katie Elie brings this civil rights lawsuit for the allegedly illegal seizure and impoundment of her vehicle and personal belongings contained therein. *Compl.* (ECF No. 1). At approximately 10:00 a.m. on Saturday,[1] April 5, 2025, Ms. Elie discovered

[1] The complaint does not state what day of the week these dates fell on. However, to provide context, the Court added the days of the week. *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011) (In ruling on a motion to dismiss, a court may augment the facts alleged in the complaint by "facts susceptible to judicial notice"). The day of the week when a particular date fell "may be accurately and readily determined from a calendar, a source whose accuracy cannot be reasonably questioned."

her vehicle was not where she had last left it. *Compl.* ¶ 8. The following day, Sunday, April 6, 2025, Ms. Elie spoke to the Biddeford Police Department (the Department), who explained to her that on Friday, April 4, 2025, the Department had seized and impounded her vehicle from the spot "where she believed her vehicle was located." *Id.* ¶¶ 8-9. That same day, Sunday, April 6, 2025, Ms. Elie enlisted her attorney, Jason G. Litalien, to assist her in recovering her vehicle and personal belongings, including her passport. *Id.* ¶¶ 10, 13. The Department informed Attorney Litalien that his client's vehicle was impounded and sealed for investigation, including Ms. Elie's personal items, and that the officer responsible would not return to work until 6:00 p.m. on Wednesday, April 9, 2025. *Id.* ¶¶ 11-13. Soon thereafter, an officer from the Department contacted Ms. Elie directly to inform her that the officer had possession of Ms. Elie's personal items, seemingly contradicting the Department's earlier representation to her attorney. *Id.* ¶¶ 14-15.

On Monday, April 21, 2025, sixteen days after the vehicle's seizure, Attorney Litalien confirmed with the York County District Attorney's Office that no charges had been filed against Ms. Elie. *Id.* ¶ 16. Two days later, on Wednesday, April 23, 2025, Attorney Litalien wrote a demand letter on behalf of Ms. Elie to Biddeford Chief of Police Joanne Fisk and Biddeford Mayor Martin Grohman requiring her vehicle's release by Friday, April 25, 2025. *Id.* ¶ 18. On April 29, 2025, approximately twenty-

---

*Marti Novoa v. Burset*, No. 09-1355 (JAG), 2012 U.S. Dist. LEXIS 143554, at *10 n.7 (D.P.R. Aug. 13, 2012).

four days after seizing her vehicle, and without the return of her property or a justification for its continued detention, Ms. Elie filed the instant action.[2]

On July 3, 2025, Defendants filed a motion to dismiss Ms. Elie's complaint. *Defs.' Mot. to Dismiss* (ECF No. 8) (*Defs.' Mot.*). On July 5, 2025, Ms. Elie filed her opposition to Defendants' motion to dismiss. *Pl's. Opp'n to Defs.' Mot. to Dismiss* (ECF No. 9) (*Pl's. Opp'n*). On July 21, 2025, Defendants filed their reply. *Defs.' Reply Mem. of Law in Supp. of Mot. to Dismiss* (ECF No. 10) (*Defs.' Reply*).

## II. THE PARTIES' POSITIONS

### A. Katie Elie's Complaint

Ms. Elie brings this civil rights complaint against the Department, Biddeford Chief of Police Joanne Fisk in her official capacity, Biddeford Mayor Martin Grohman, and the City of Biddeford, Maine, (the City) alleging her personal property had been unlawfully seized and withheld in violation of her civil rights under the United States Constitution and the Constitution of the State of Maine. *Compl.* at 1. Specifically, Ms. Elie alleges the seizure of her vehicle and personal items occurred without notice, probable cause, exigent circumstances, criminal charges, or a warrant, violating her Fourth Amendment rights. *Id.* at 3-4. Ms. Elie alleges Defendants violated her Fifth and Fourteenth Amendment rights "by seizing her vehicle and possessions without legal justification, failing to provide pre- or post-deprivation hearings, and deliberately avoiding judicial oversight despite multiple

[2] On April 29, 2025, Ms. Elie also filed a motion for temporary restraining order (TRO). *Mot. for TRO* (ECF No. 3). At the May 5, 2025 teleconference of counsel, the Court issued an oral order granting Ms. Elie's oral motion to dismiss her motion for a TRO. *Min. Entry* (ECF No. 7).

requests for the return of [her] property." *Id.* ¶¶ 19-22. Ms. Elie also alleges a violation of her Sixth Amendment right to counsel and Maine Bar Rule 4.2 when the Department allegedly called her directly after she had retained counsel to communicate with the Department about recovering her vehicle and personal property. *Id.* ¶¶ 23-24. Finally, Ms. Elie alleges Defendants' "reckless, extreme, and outrageous conduct" constitutes intentional infliction of emotional distress (IIED) under Maine law. *Id.* ¶¶ 25-26. She seeks, among other remedies, declaratory relief, damages, attorney's fees, and a permanent injunction. *Id.* at 6-7.

### B.     Defendants' Motion to Dismiss

Defendants move to dismiss the complaint in its entirety. First, Defendants move to dismiss all claims against Chief Fisk and Mayor Grohman because they duplicate the claims against the City of Biddeford. *Defs.' Mot.* at 4-5. Similarly, they move to dismiss all claims against the Department because it is not a suable entity, separate from the City. *Id.* at 5. Finally, Defendants move to dismiss all counts against the City for failure to state a plausible claim or lack of subject matter jurisdiction. *Id.* 5-14.

In her opposition, Ms. Elie reiterates her complaint's arguments, largely without addressing the grounds for dismissal raised in Defendants' motion. *Pl.'s Opp'n* at 1-6.

In their reply, Defendants assert Ms. Elie waived any objection to Defendants' unaddressed grounds for dismissal, while arguing that Ms. Elie's opposition failed to demonstrate her IIED claim against the City should not be dismissed for lack of

subject matter jurisdiction, or alternatively, for failure to state a plausible claim. *Defs.' Reply* at 1-6.

## III.  LEGAL STANDARD

### A.  Rule 12(b)(1)

Federal Courts are courts of limited jurisdiction, and as such, the Court has "a responsibility to police the border of federal jurisdiction." *Spielman v. Genzyme Corp.*, 251 F.3d 1, 4 (1st Cir. 2001) (citing *Pratt Cent. Park Ltd. P'ship v. Dames & Moore, Inc.*, 60 F.3d 350, 352 (7th Cir. 1995). For a complaint to survive a motion to dismiss for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1), the party invoking jurisdiction must establish that it exists. *See Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995). As it must, this Court "credit[s] the plaintiff's well-pled factual allegations and draw[s] all reasonable inferences in the plaintiff's favor." *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010).

### B.  Rule 12(b)(6)

For a complaint to survive a motion to dismiss under Rule 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plausible means "something more than merely possible" or "merely consistent with a defendant's liability." *Germanowski v. Harris*, 854 F.3d 68, 71-72 (1st Cir. 2017) (quotation marks and citations omitted) (first quoting *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012); and then quoting *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 11 (1st Cir. 2011)). Although this

does not require "detailed factual allegations," the facts pleaded must at least "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, a facially plausible complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In other words, dismissal is appropriate if a complaint's well-pleaded facts do not "possess enough heft to 'sho[w] that [the plaintiff] is entitled to relief." *Clark v. Boscher*, 514 F.3d 107, 112 (1st Cir. 2008) (first alteration in original) (quoting *Twombly*, 550 U.S. at 557).

Assessing a complaint's plausibility is a context-specific task that requires "the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. In the First Circuit, district courts apply a "two-step analysis." *Cardigan Mountain Sch. v. N.H. Ins. Co.*, 787 F.3d 82, 84 (1st Cir. 2015). "First, the court must distinguish 'the [counterclaim's] factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited).'" *García-Catalán v. United States*, 734 F.3d 100, 103 (1st Cir. 2013) (quoting *Morales-Cruz v. Univ. of P. R.*, 676 F.3d 220, 224 (1st Cir. 2012)); *see also Schatz*, 669 F.3d at 55 (stating that a court may "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements"). "Second, the court must determine whether the factual allegations are sufficient to support 'the reasonable inference that the defendant is liable for the misconduct alleged.'" *García-Catalán*, 734 F.3d at 103 (quoting *Haley v. City of Bos.*, 657 F.3d 39, 46 (1st Cir. 2011)). "If the factual allegations in the complaint are too meager, vague, or

conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal." *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010) (*en banc*) (citing *Twombly*, 550 U.S. at 555).

## IV. DISCUSSION

"When faced with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first." *Ne. Erectors Ass'n of BTEA v. Sec'y of Labor, Occupation Safety & Health Admin.*, 62 F.3d 37, 39 (1st Cir. 1995). Here, the Court finds good reason to reach first Defendants' Rule 12(b)(6) challenge to Ms. Elie's § 1983 claims, rather than Defendants' 12(b)(1) challenge to Ms. Elie's state tort claim. As explained below, because the Court dismisses without prejudice each of Ms. Elie's federal claims, the Court will not exercise its supplemental jurisdiction to reach her remaining state law claims—both her Maine constitutional claims (challenged under 12(b)(6)) and her state tort claim (challenged under 12(b)(1)). *See* 28 U.S.C. § 1367(c)(3).

### A. Katie Elie's Federal Civil Rights Claims (Counts I-IV)

#### 1. Civil Rights Claims against Chief Fisk and Mayor Grohman

First, the Court dismisses all counts contained in the complaint against Chief Fisk and Mayor Grohman. Because a suit against a municipal official in their official capacity is considered a suit against the municipality itself, claims against the municipal employee in their official capacity may be dismissed as redundant when the municipality is named as a party. *Decotiis v. Whittemore*, 635 F.3d 22, 26, 38 n.19 (1st Cir. 2011) (affirming dismissal of official-capacity defendant in lawsuit against

local government agency); *see also Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"); *Surprenant v. Rivas*, 424 F.3d 5, 19 (1st Cir. 2005) ("A suit against a public official in his official capacity is a suit against the governmental entity itself") (first citing *Wood v. Hancock Cnty. Sheriff's Dep't*, 354 F.3d 57, 58 n. 1 (1st Cir. 2003); and then citing *Nereida–Gonzalez v. Tirado–Delgado*, 990 F.2d 701, 705 (1st Cir. 1993)).

Claims against a municipal official such as Chief Fisk and Mayor Grohman are deemed to be claims against the municipality itself. *Henschel v. Worcester Police Dep't*, 445 F.2d 624 (1st Cir. 1971) (*per curiam*). "Where a plaintiff sues municipal officers and the officers' municipality in the same action, the claims against the municipal officers in their official capacities are redundant and may properly be dismissed." *Briand v. Town of Conway*, 561 F. Supp. 3d 188, 197 (D.N.H. 2021) (citing *Decotiis*, 635 F.3d at 26 & 38). Accordingly, because Ms. Elie's claims against Chief Fisk and Mayor Grohman are duplicative of the claims against the City, her claims against Chief Fisk and Mayor Grohman are dismissed with prejudice. *See Grenier v. City of Springfield*, No. 23-cv-30011-KAR, 2024 U.S. Dist. LEXIS 5047, at *9 (D. Mass. Jan. 10, 2024) (dismissing duplicative claims against municipal employee in their official capacity with prejudice); *Briand*, 561 F. Supp. 3d at 197 (same).

**2. Civil Rights Claims against the Biddeford Police Department**

In the First Circuit, a municipal police department is not a proper party to a suit under § 1983. *Henschel*, 445 F.2d at 624 ("Nor is the Police Department a suable entity"). This is because a town's police department is not a separate entity from the town itself, and thus not a suable entity apart from the town itself. *Grenier*, 2024 U.S. Dist. LEXIS 5047, at *9 n.3; *Doyle v. Falmouth Police Dep't*, No. 2:14-cv-259-JDL, 2015 U.S. Dist. LEXIS 12994, at *7-8 (D. Me. Feb. 4, 2015) ("a town's police department is not a separate entity from the town itself, and is therefore not a proper party to a suit"); *Cambron v. Brewer Police Dep't*, No. 1:13-cv-00004-JAW, 2013 U.S. Dist. LEXIS 170297, at *6 (D. Me. June 18, 2013) (rec. dec.) (a town's police department "is not an entity with the legal capacity to sue or be sued, and should be dismissed from the case for that reason"), *aff'd*, 2013 U.S. Dist. LEXIS 169203, at *2 (D. Me. Dec. 2, 2013). Dismissal without prejudice of Ms. Elie's claims against the Department is therefore appropriate. *See Doyle*, 2015 U.S. Dist. LEXIS 12994, at *7-8 (dismissing claims against town's police department); *Cambron*, U.S. Dist. LEXIS 169203, at *2 (same).

**3. Civil Rights Claims against the City of Biddeford**

Under § 1983, a municipality is not vicariously liable for constitutional deprivations caused by a municipal employee, but rather "only for [its] own unconstitutional acts." *Haley*, 657 F.3d at 51. Thus, a party suing under § 1983 against a municipality must demonstrate "through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged." *Bd. of Cnty. Comm'rs*

*of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997) (emphasis in original) (quoting *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978)). To do so, Ms. Elie must "identify a municipal 'policy' or 'custom' that caused [her] injury." *Id.* at 403 (quoting *Monell*, 436 U.S. at 694).[3] Ms. Elie's complaint fails to meet this threshold requirement for municipal liability under § 1983. The Court therefore must dismiss without prejudice Counts I-IV of the compliant for failure to state a claim under Rule 12(b)(6). *See Hewes v. Pangburn*, No. 1:21-cv-00125-JDL, 2022 WL 823924 (D. Me. Mar. 18, 2022) (dismissing without prejudice § 1983 claim that "does not assert that [the municipal defendant's] actions and inactions resulted from a municipal custom or policy").

**B. Katie Elie's State Law Claims (Counts I-V)**

The Court declines to exercise its supplemental jurisdiction over the state law claims contained in Counts I-V of Ms. Elie's complaint. "In a federal-question case, the termination of the foundational federal claim does not divest the district court of power to exercise supplemental jurisdiction but, rather, sets the stage for an exercise of the court's informed discretion." *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 256-57 (1st Cir. 1996) (citing 28 U.S.C. § 1367(c)(3)). The Court "must take into account concerns of comity, judicial economy, convenience, fairness, and the like," *id.* at 257, although it is usually case that where all federal law claims are eliminated before trial, the balance of factors point toward declining to exercise supplemental

[3] The "policy or custom" requirement applies even where a plaintiff seeks declaratory or injunctive relief. *Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 31 (2010).

jurisdiction over the remaining state law claims. *See Vazquez-Velazquez v. P.R. Highways and Transp. Auth.*, 73 F.4th 44, 53 (1st Cir. 2023); *see also* 28 U.S.C. § 1367(c)(3). The Court therefore declines to exercise its supplemental jurisdiction over Ms. Elie's state law claims, dismissing them without prejudice.[4] *See White McLaughlin v. Cambridge Sch. Comm.*, 753 F. Supp. 3d 75, 82-83 (D. Mass. 2024) (declining to exercise supplemental jurisdiction and dismissing without prejudice plaintiff's state law claims after dismissing all federal law claims).

## V. CONCLUSION

Accordingly, the Court GRANTS Defendants' Motion to Dismiss (ECF No. 8) and DISMISSES with prejudice as to Biddeford Chief of Police Joanne Fisk and Biddeford Mayor Martin Grohman and without prejudice as to the Biddeford Police Department and the City of Biddeford the federal law claims contained in counts one through four of the Complaint (ECF No. 1). The Court also DISMISSES without prejudice for lack of supplemental jurisdiction all state law claims contained in counts one through five of the Complaint against all Defendants.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 4th day of February, 2026

[4] The Court is dismissing the federal claims without prejudice because it wishes to avoid any implication that its dismissal of Ms. Elie's federal case should affect her state claims, if she wishes to proceed with them.